**MANATT, PHELPS & PHILLIPS, LLP**
Schuyler G. Carroll
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
Email: scarroll@manatt.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Isiaka Babalola,<br><br>Debtor. | Chapter 11, Subchapter V<br><br>Case No. 26-11970 |

**DECLARATION OF ISIAKA BABALOLA**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

I, Isiaka Babalola, under penalty of perjury, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am the debtor and debtor-in-possession herein. I am familiar with the facts and circumstances as recited herein. This declaration is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York.

2. I am a taxi cab driver. On August 14, 2026 (the "Petition Date"), I filed a voluntary petition for relief under Chapter 11, Subchapter V, of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

3. My bankruptcy filing was precipitated by the threatened repossession of a New York City Taxi Medallion, No. 9T66, which is my sole source of income. I purchased my Taxi Medallion in 2020, through a loan (the “Medallion Loan”) from BGW Holdings LLC, which was then amended to extend the maturity date to August 1, 2026. The Medallion Loan required monthly payments of $1,156.28, and a balloon payment of the unpaid principal balance of the

Medallion Loan plus any accrued interest was due on August 1, 2026 (the "balloon payment").

4. I never missed a payment and satisfied all my monthly payments through July 1, 2026. The current principal balance on the Medallion Loan is $102,058.13. In connection with the amendment to the Medallion Loan, I obtained a commitment letter from Winner's Garage ("WG") to pay off the balloon payment and refinance the Medallion Loan on or before August 1, 2026. Unfortunately, WG has informed me that they are no longer able to honor the commitment. I am unable to make the balloon payment without the refinancing from WG. BGW Holdings LLC has threatened to repossess of my medallion, which would leave me without any source of income.

5. Filing for Subchapter V Bankruptcy will allow me to focus on budgeting, debt management, and satisfying the balloon payment rather than a forced liquidation of my assets, including the medallion, from which I derive all of my income.

6. As the debtor and debtor-in-possession, I have an immediate need for the income I derive from driving my taxi under my Taxi Medallion license. Without access to the income I earn from driving my taxi, I will be unable to pay for the ordinary operating expenses associated with being a taxi driver and will immediately lose my sole source of income.

7. I believe that I can successfully and expeditiously exit chapter 11.

8. Pursuant to LBR 1007-2(a)(3), no committee of creditors was formed prior to the Petition Date.

9. Pursuant to LBR 1007-2(a)(4), a list containing the names and addresses of the entities believed to be my 5 largest unsecured creditors, excluding insiders, is simultaneously being filed with the Court.

10. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all my secured creditors is included in my Schedule D which is simultaneously being filed with the Court.

11. Pursuant to LBR 1007-2(a)(6), an approximate summary of my assets and liabilities is set forth in my Schedules A/B, D, and E/F which are simultaneously being filed with

the Court.

12. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of mine in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

13. Pursuant to LBR 1007-2(a)(10), all of my assets and books and records are in my possession or my counsel's possession.

14. Pursuant to LBR 1007-2(a)(11), to the best of my knowledge and belief, there are no pending or threatened actions or proceedings to which I am a party.

15. Pursuant to LBR 1007-2(b)(3), I anticipate that I will have gross income of approximately $6,000 during the thirty (30) day period following the Petition Date, all of which is income derived from driving my taxi. My gross business and personal expenses for the same period will be approximately $7945.93, including $318.93 in Medallion Loan interest payments. An approximate summary of my estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue is set forth in my Schedules A/B, D, and E/F which are simultaneously being filed with the Court.

16. I believe that under the supervision of the Bankruptcy Court, I will be able to pay my creditors significantly more than what they would receive but for the bankruptcy filing.

17. The law firm Manatt, Phelps & Phillips, LLP has agreed to represent me on a *pro bono* basis.

18. I hereby declare, pursuant to 28 U.S.C. § 1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 14, 2026
Bronx, New York

/s/*Isiaka Babalola*
Isiaka Babalola
Debtor and Debtor-In-Possession